# Order

Michigan Supreme Court
Lansing, Michigan

July 9, 2021

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

162949 (12)(13)(15)

UNLOCK MICHIGAN, GEORGE
FISHER, and NANCY HYDE-DAVIS,
          Plaintiffs,

v                                                                    SC:  162949

BOARD OF STATE CANVASSERS,
SECRETARY OF STATE, and DIRECTOR
OF THE BUREAU OF ELECTIONS,
          Defendants,

and

KEEP MICHIGAN SAFE,
          Intervening Defendant.

_____/

On order of the Court, the motion for leave to file a brief amicus curiae is GRANTED.  The request for immediate consideration is GRANTED, and the motion to strike is DENIED.  The motion for rehearing, which is treated as a motion for reconsideration of this Court's June 11, 2021 order, is considered, and it is GRANTED in part and DENIED in part.  MCR 7.311(G).  Accordingly, we VACATE our order dated June 11, 2021.

On reconsideration, the motion to intervene is GRANTED.  The complaint for mandamus is considered, and mandamus is GRANTED.  We direct the Board of State Canvassers (the Board) to certify the Unlock Michigan petition as sufficient.  The Board's duty with respect to petitions is "limited to determining the sufficiency of a petition's form and content and whether there are sufficient signatures to warrant certification." *Stand Up for Democracy v Secretary of State*, 492 Mich 588, 618 (2012).  In reviewing the petition signatures, the Board "shall canvass the petitions to ascertain if the petitions have been signed by the requisite number of qualified and registered electors."  MCL 168.476(1).  In the present case, the Board approved the form and content of the petition in July 2020.  The Bureau of Elections analyzed the signatures using a random sampling method and estimated that Unlock Michigan submitted at least

460,000 valid signatures when it only needed about 340,000. The Board rejected, by deadlocked vote, a motion to investigate the collection of signatures. Therefore, the Board has a clear legal duty to certify the petition. MCL 168.477(1).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 9, 2021



a0709

Clerk